*In re* MARRIAGE OF CATHERINE GAMMONS, Petitioner-Appellant, and CLARENCE GAMMONS, Respondent-Appellee.

Third District   No. 78-476

Opinion filed December 10, 1979.—Rehearing denied January 14, 1980.

Gerald M. Hunter, of Oglesby, for appellant.

Anthony C. Raccuglia & Associates, of Peru, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

On January 24, 1977, appellant, Catherine Gammons, was granted a decree of divorce from appellee, Clarence Gammons, ending a marriage

of 24 years. At the time the divorce decree was entered, appellant received the marital home subject to a mortgage, the household furniture and furnishings, and all other marital assets except an automobile. At that time the court expressly reserved the question of alimony to the appellant. On July 28, 1977, upon appellant's petition for permanent alimony, the court ordered the appellee to pay the appellant $1,560 to be paid at the rate of $30 per week for one year and further ordered appellee to pay $150 to appellant for attorney's fees. Subsequently, appellant filed a petition to vacate the court's order and have the matter reheard. On October 18, 1977, the order was vacated and on May 22, 1978, the rehearing was held. Following that hearing the court ordered appellee to pay $30 per week as maintenance for two years but denied appellant's claim for $150 for attorney's fees. Appellant appeals from this award. We affirm.

■■ The first issue to be decided is whether or not the Illinois Marriage and Dissolution of Marriage Act, effective October 1, 1977, is applicable to the instant case. We hold that it is. Section 801(c) (Ill. Rev. Stat. 1977, ch. 40, par. 801(c)) reads: "This Act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act." Clearly the proceeding for modification of the judgment occurred after October 1, 1977, and therefore the Act is applicable.

Under the Act, section 504 (Ill. Rev. Stat. 1977, ch. 40, par. 504) deals with the factors to be taken into account by the court in granting maintenance. Some of these are the financial resources of the party seeking maintenance, including marital property assigned to her, the time necessary for the party to find appropriate employment, the standard of living maintained during the marriage, the age, physical and emotional condition of both parties, and the ability of the spouse from whom maintenance is sought to pay. After considering these factors the trial court may award maintenance in such amounts and for such periods of time as the court deems just.

■■ In the instant case, the appellant received all the marital assets except an automobile, and appellee was paying all the outstanding bills except a small mortgage on the house. There was also evidence tending to show that appellee took home approximately $60 a week from his paycheck. Further, the evidence tends to show that the appellant could have found employment but chose not to. Under these circumstances, we cannot hold that the trial court's award of maintenance was an abuse of discretion. For these reasons we affirm the trial court's order.

Affirmed.

STENGEL and ALLOY, JJ., concur.